# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Gilmore, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:14-4540 |
| ) | |
| vs. ) | |
| ) | |
| Warden Robert Stevenson, III, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

This matter comes before the Court on a limited remand from the Fourth Circuit Court of Appeals to address the issue of whether Plaintiff's untimely filing of his appeal might be excused by a showing of excusable neglect or good cause under Fed. R. App. P. 4(a)(5). *Gilmore v. Stevenson*, No. 15-7598 (4th Cir. May 18, 2016). By way of background, summary judgment was entered for the Defendant on August 13, 2015. (Dkt. No. 28). Plaintiff's Notice of Appeal was dated September 17, 2015, and marked received by the Fourth Circuit on September 22, 2015. (Dkt. No. 30). The envelope addressed to the Fourth Circuit was marked "Received" by the prison mail room on September 17, 2015, and was postmarked the same day. (Dkt. No. 30-1). Plaintiff also filed with this Court a Motion to Inform the Court dated September 17, 2015, and filed on October 8, 2015. (Dkt. No. 33). The envelope accompanying the Motion was marked "Received" by the prison mail room on September 17, 2015, and postmarked that same day. (Dkt. No. 33-1).

An appeal in a federal civil case must be filed within 30 days "after entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). For an incarcerated inmate, such as Plaintiff,

the date filed is the date the appeal notice is deposited in the institution's internal mail system. Fed. R. App. P. 4(c)(1). The appellate rules further provide that if the last day for filing an appeal includes a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. App. P. 26(a)(1). The period for filing an appeal can be extended by the district court if a motion for extension of time to file an appeal is made and the petitioning party shows excusable neglect or good cause. No extension may be granted, however, more than 30 days after the time for filing the appeal. Fed. R. App. P. 4(a)(5).

Applying these rules, the 30-day period for Plaintiff to file an appeal would have run on Saturday, September 12, 2015, which would have made the notice of appeal due on Monday, September 14, 2015. The Notice of Appeal was stamped in at the prison mail room on September 17, 2015, and, in the absence of an extension to file, would have been untimely. The Fourth Circuit in its limited remand order directs the Court to determine whether the Plaintiff has shown excusable neglect or good cause for a 30-day extension to file his Notice of Appeal.

Plaintiff asserts in his Motion to Inform the Court that his dormitory, which he indicates was the B Wing of the Wateree Unit, was in a lockdown situation from September 9-16, 2015, and that he filed his Notice of Appeal as soon as the lockdown ended. (Dkt. No. 33). This statement is not under oath, and no independent verification has been provided regarding the existence and length of the alleged lockdown or whether the lockdown actually prevented Plaintiff from filing his Notice of Appeal.

The parties to this action are directed, on or before July 15, 2016, to file statements under oath and any supporting evidence indicating the dates of any lockdown of Plaintiff's dormitory

and whether such lockdown interfered with his ability to timely file his Notice of Appeal. Upon receiving the parties' responses, the Court will enter an order relating to whether there was good cause or excusable neglect sufficient to support an extension of time to file under Fed. R. App. P 4(a)(5).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

June 13, 2016
Charleston, South Carolina