# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Gilmore, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 1:14-4540 |
| ) | |
| vs. ) | |
| ) | |
| Warden Robert Stevenson, III, ) | |
| ) | **ORDER** |
| Respondent. ) | |

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Fourth Circuit to address the issue of whether Petitioner's untimely filing of his appeal might be excused by a showing of excusable neglect or good cause under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *Gilmore v. Stevenson*, No. 15-7598, 2016 WL 2894009 (4th Cir. May 18, 2016). By way of background, the Court adopted the Report and Recommendation of the Magistrate Judge and entered summary judgment for Respondent on August 13, 2015. Petitioner filed no written objections to the Report and Recommendation. The Court denied in the same order a Certificate of Appealability. (Dkt. No. 28).

Petitioner's Notice of Appeal was dated September 17, 2015, and marked received by the Fourth Circuit on September 22, 2015. (Dkt. No. 30). The envelope addressed to the Fourth Circuit was marked "Received" by the prison mailroom on September 17, 2015, and was postmarked the same day. (Dkt. No. 30-1). Petitioner also filed with this Court a Motion to Inform the Court dated September 17, 2015, and filed on October 8, 2015. (Dkt. No. 33). The envelope accompanying the Motion was marked "Received" by the prison mailroom on

September 17, 2015, and postmarked that same day. (Dkt. No. 33-1).

An appeal in a federal civil case must be filed within 30 days "after entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). For an incarcerated inmate, such as Petitioner, the date filed is the date the appeal notice is deposited in the institution's internal mail system. Fed. R. App. P. 4(c)(1). The appellate rules further provide that if the last day for filing an appeal includes a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. App. P. 26(a)(1). The period for filing an appeal can be extended by the district court if a motion for extension of time to file an appeal is made and the petitioning party shows excusable neglect or good cause. No extension may be granted, however, more than 30 days after the time for filing the appeal. Fed. R. App. P. 4(a)(5).

Applying these rules, the 30-day period for Petitioner to file an appeal would have run on Saturday, September 12, 2015, which would have made the notice of appeal due on Monday, September 14, 2015. The Notice of Appeal was stamped in at the prison mailroom on September 17, 2015, and, in the absence of an extension to file, would have been untimely. The Fourth Circuit in its limited remand order directed this Court to determine whether the Petitioner has shown excusable neglect or good cause for a 30-day extension to file his Notice of Appeal.

Petitioner asserted in his Motion to Inform the Court that his dormitory, which he indicates was the B Wing of the Wateree Unit, was in a lockdown situation from September 9 to September 16, 2015, and that he filed his Notice of Appeal as soon as the lockdown ended. (Dkt. No. 33). Petitioner further stated that he had requested that his dorm supervisor, whom he identified as "Lt. Fleming," allow him access to the prison mailroom during the lockdown but

was informed "I will not be allowed to access the mail room until the lockdown is lifted." (*Id.* at 2).

This Court entered an order on June 13, 2016, directing the parties by July 15, 2016, "to file statements under oath and supporting evidence indicating the dates of the lockdown" of Petitioner's dormitory and "whether such lockdown interfered with his ability to file his Notice of Appeal." (Dkt. No. 36 at 2-3). The Court further noted that the Petitioner's representations in his Motion to Inform the Court had not been submitted under oath. (*Id.* at 2).

Respondent submitted a response on July 15, 2016, acknowledging that Petitioner's dormitory was on lockdown from September 9 to September 15, 2016 and explaining that during this period prisoners' access to the law library and ability to send and receive mail were modified but preserved. (Dkt. No. 38). According to an affidavit submitted by Larry Cartledge, Warden of Broad River Correctional Institution where the Petitioner was incarcerated in September 2015, each dormitory was permitted during the lockdown access to the law library on an assigned day. Warden Cartledge indicated that there is no record Petitioner visited the law library during his dorm's assigned day. (Dkt. No. 38-1 ¶ 2). The sign in sheets for the law library for the period of the lockdown were also provided and corroborated Warden Cartledge's statement. (Dkt. No. 38-2). Warden Cartledge further stated that during lockdowns prisoners are not allowed to leave their cells to visit the mailroom. Instead, staff "takes mail to and from the dorm and the mailroom to have it sent and delivered." The Warden confirmed "this is how mail for [Petitioner's] dorm was handled from September 9, 2015 to September 15, 2015." (Dkt. No. 38-1 ¶ 3). Petitioner filed no response to the Court's June 13, 2016 order.

Based upon the foregoing, the Court finds that Petitioner's dormitory was on lockdown

from September 9, 2015 until September 15, 2015.¹ The Court further finds that Petitioner, despite the lockdown, had the ability to receive and send mail during the period of the lockdown. He also had access to the prison law library to research and prepare his Notice of Appeal. Petitioner submitted his Notice of Appeal to the prison mailroom on September 17, 2015. His notice of appeal was due in the mailroom no later than September 14, 2015. The Court finds no excusable neglect or good cause warranting an extension of the 30 day appeal period. *Cf.* Fed. R. App. P. 4(a)(5).

    AND IT IS SO ORDERED.

                                        Richard Mark Gergel
                                        United States District Court

July 2͟0͟ 2016
Charleston, South Carolina

---

¹ Petitioner alleged in his Motion to Inform the Court that the lockdown ran until September 16, 2015. (Dkt. No. 33 at 2).

-4-